## Painter, Appellant, *v.* Campbell.

*Ejectment—Deed—Will—Delivery—Evidence.*

Where a plaintiff in ejectment claims under a will, and it appears that the testatrix in her lifetime had conveyed the same land to the plaintiff by deed, and that the plaintiff had years afterwards conveyed the same land to innocent purchasers to whom possession was given, and under whom defendant claimed, the plaintiff cannot through her trustee under the will, attack the validity of the deed to herself on the ground of nondelivery, by mere rambling statements of herself and husband, reciting declarations made by the father of the plaintiff not in the presence of the defendant.

Argued Oct. 13, 1903.   Appeal, No. 87, Oct. T., 1903, by plaintiff, from judgment of C. P. Armstrong Co., Sept. T., 1901, No. 52, on verdict for defendant in case of J. H. Painter, Trustee of Jane B. Finlay, v. Charles H. Campbell.   Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Ejectment for land in Rayburn township.   Before PATTON, P. J.

Verdict and judgment for defendant.   On motion for a new trial PATTON, P. J., filed the following opinion :

This is an action of ejectment.   The common source of title is admitted to be Jane B. Finlay.   The plaintiff claims under the will of said Jane B. Finlay, dated December 11, 1875, who

died December 30, 1876, devising the land to G. C. Orr, trustee of P. R. E. E. Linton.

The defendant claims under deed of Jane B. Finlay, dated May 22, 1874, recorded December 14, 1887, and under deed dated November 9, 1874, recorded August 25, 1887, both to P. R. E. E. Linton, and by a regular chain of conveyances until the title vested in Chas. H. Campbell, the defendant, by deed dated February 27, 1901.

It will be observed from the above statement of facts that the title vested in P. R. E. E. Linton by the deeds prior to the death of Mrs. Jane B. Finlay, and hence the defendant's title is the better one.

To overthrow this the plaintiff offered the testimony of Mrs. P. R. E. E. Linton and Adolphus Frederick Linton taken on a rule to take testimony, to show that the deeds of May 22, 1874, and November 9, 1874, had never been delivered. This so-called evidence was mere rambling statements of the plaintiff and her husband, reciting declarations made by John B. Finlay, the father of the plaintiff, not in the presence of the defendant.

When we consider that this is an attempt by the plaintiff through her trustee to invalidate and overthrow her own deeds, twenty-eight years after they had been made, and twelve years after the title had passed into the hands of a bona fide purchaser for value, we cannot help but express our surprise that the plaintiff could hope to recover upon such flimsy evidence.

" The fact of delivery is the assurance of the title in the hands of an innocent purchaser, entitled to great weight and consideration. Before he can be deprived of his property the facts which avoid his title must be proved by the grantor by the most unexceptionable testimony. If there is at the time of the executing the deeds, no delivery or intention to deliver, these are facts that should be explicitly proved by the grantor:" Blight v. Schenck, 10 Pa. 285. The grantee's successor in title is in possession. This is prima facie evidence of delivery: Cavanaugh v. Buehler, 120 Pa. 441. Also the record of a deed showing that it was executed and acknowledged raises the legal presumption that it had been delivered: Kille v. Ege, 76 Pa. 15.

And now, November 11, 1902, the motion for a new trial is overruled.

*Error assigned* was in giving binding instructions for defendant.

*R. A. McCullough*, with him *Ross Reynolds* and *Calvin Rayburn*, for appellant.

*M. F. Leason*, for appellee.

PER CURIAM, November 9, 1903:
The judgment is affirmed on the opinion of the learned judge below refusing a new trial.